19-3146-cv
*Marcus Paca v. City of New Haven*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARCUS PACA,

                    *Plaintiff-Appellant,*


            -v-                                    19-3146-cv

CITY OF NEW HAVEN,

                    *Defendant-Appellee,*

TONI N. HARP, MAYOR, INDIVIDUALLY,
                    *Defendant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      STEVEN D. JACOBS, Jacobs & Jacobs, LLC, New Haven, Connecticut.

FOR DEFENDANT-APPELLEE:      ALEXANDRIA L. VOCCIO, Howd & Ludorf, LLC, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Squatrito, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marcus Paca appeals from a judgment of the district court, entered September 5, 2019, in favor of defendant-appellee City of New Haven (the "City") dismissing his third amended complaint (the "complaint"), following the court's ruling granting the City's motion for summary judgment pursuant to Federal Rule of Procedure 56(a).  Paca alleged, *inter alia*, that the City violated his First Amendment right to intimate association and breached his employment contract when it terminated him from his position as Director of Labor Relations in April 2016.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.[1]

---

[1]      Paca had previously voluntarily discontinued his claims against Mayor Toni N. Harp. The complaint also alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1).  Although the district court also granted summary judgment to the City on those counts, Paca does not appeal those rulings.

2

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [his] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gorman v. Rensselaer Cty.*, 910 F.3d 40, 45 (2d Cir. 2018) (citing Fed. R. Civ. P. 56).

We first consider Paca's contention that the district court erred in granting summary judgment to the City on his First Amendment intimate association claim because a factual dispute exists as to whether he was fired in retaliation for his wife's protected speech.

The Supreme Court has recognized a constitutionally protected right to associate with others in certain intimate relationships, including marriage. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). In *Adler v. Pataki*, we located this right in the First Amendment context, holding that "a spouse's claim that adverse action was taken solely against that spouse in retaliation for conduct of the other spouse should be analyzed as a claimed violation of a First Amendment right of intimate association." 185 F.3d 35, 44 (2d Cir. 1999); *see also Gorman*, 910 F.3d at 47. First Amendment retaliation claims, in turn, require evidence that the speech at issue is constitutionally protected, and that there is "a causal connection between defendants' allegedly

3

retaliatory conduct and [the] plaintiff['s] protected speech." *Washington v. Cty. of Rockland*, 373 F.3d 310, 320-21 (2d Cir. 2004).

Here, the City adduced evidence that Paca was fired because Harp came to believe that Paca had instructed his administrative assistant to provide privileged emails to the union, and then lied to her about it, breaching her trust. Although Paca maintained that the actual reason for his firing was retaliation for his wife's protected speech, he did not introduce any competent evidence that his wife had engaged in protected speech, or that her speech was casually connected to his termination. As Paca concedes, the sole evidence in the record regarding his wife's speech was his own deposition testimony, in which he admits that he did not attend the Board of Alderman ("BOA") meeting at which his wife testified or read her April 7, 2016 letter. He states only that he "believe[s] she told [him] that . . . the [BOA] . . . wanted an explanation on . . . certain things dealing with her department." J. App'x at 71; *see also* Appellant's Br. at 6 ("The substance of [the BOA] memorandum was not part of the record below."). Thus, despite the fact that Paca and his wife were terminated within a day of each other, this evidence was plainly insufficient to create a factual dispute that Paca's termination was caused by anything other than his own unsatisfactory conduct.[2]

---

[2] In his reply brief, Paca insists that, in its answer, the City admitted to certain allegations in the complaint about the April 7, 2016 letter, and that these admissions sufficiently establish that Paca's wife engaged in protected speech. The City did not, however, admit to the complaint's assertion that the April 7, 2016 letter disclosed improper grant-related practices.

Paca also contends that the district court erred in dismissing his breach of contract claim because the City failed to adhere to the progressive discipline policy set forth in its Employee Handbook. The district court assumed that the Handbook applied to Paca as a mayoral appointee and that the relevant provision constituted a binding contract. *See, e.g.*, *Gaudio v. Griffin Health Services Corp.*, 249 Conn. 523, 532 (1999). It nonetheless concluded that Paca failed to create a genuine dispute of material fact that his termination violated the contract's clear terms. We agree.

Although the Handbook provided for progressive discipline generally, it also allowed for "immediate termination" in instances where "the City's investigation of [a] situation reveal[ed] that the employee committed what it determines to be a serious offense." J. App'x at 46. The undisputed record showed that Harp came to believe, after an investigation, that Paca had committed a serious offense and then lied about it. *See, e.g.*, J. App'x at 37-38 (Paca admitting to meeting with Harp and Reyes to discuss the leaked emails); J. App'x at 113 (Harp's statement that she followed up with the IT department and Lawlor to discuss the emails and Courtemanche's statement); J. App'x at 114 (Harp's deposition testimony stating her belief that Paca "lie[d] to [her] face"). Thus, the district court properly granted summary judgment to the City because there

And, even if the City's answer were sufficient to establish protected speech, Paca still fails to show any causal connection between that speech and his own termination.

was nothing in the record from which a rational juror could have concluded that Paca's termination violated the Handbook's plain terms.

*  *  *

We have considered Paca's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6